ORDERED UNSEALED on 03/20/2025    s/ STN



FILED

Mar 18 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ AI          DEPUTY

~~SEALED~~

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

August 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>   v.<br><br>RANDAL VANCE (1),<br>REBECCA VANCE (2),<br>KEIR CEBALLOS-RIVERA (3),<br><br>             Defendant. | Case No.   '25 CR0817 RSH<br><br>I N D I C T M E N T<br><br>Title 21, U.S.C., Sec. 841, 846, and 861(a)- Conspiracy to Use Minor to Manufacture, Distribute, and Possess with Intent to Distribute Psilocybin; Title 21, U.S.C., Sec. 841 and 846- Conspiracy to Distribute Psilocybin; Title 21, U.S.C., Sec. 859(a) - Distribution of Psilocybin to Person Under 21 Years of Age; Title 18, U.S.C., Sec. 924(c) - Possession of Firearms in Furtherance of Drug Trafficking Offense; Title 18, U.S.C., Sec. 1503(a) and 371 - Conspiracy to Obstruct Justice; Title 21. U.S.C., Sec. 853, Title 18, U.S.C. Sec. 924(d), and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |

The grand jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant:

1.   Defendants RANDAL VANCE, REBECCA VANCE, KEIR CEBALLOS-RIVERA, and other conspirators resided in San Diego County.

PEBE:cms:San Diego:3/17/25

2.    Defendant RANDAL VANCE operated two websites and an Instagram account to sell psilocybin over the Internet.

3.    Defendants RANDAL VANCE and KEIR CEBALLOS-RIVERA grew psilocybin mushrooms at a business in Fallbrook, California.

4.    Defendants RANDAL VANCE and KEIR CEBALLOS-RIVERA used minors, including MINOR-1, MINOR-2, and MINOR-3, to help cultivate and package psilocybin.

5.    MINOR-1—encouraged by defendant RANDAL VANCE who also warned they would be "in big big trouble" (sic) if parents found out—distributed psilocybin to other minors.

6.    Defendant RANDAL VANCE, citing his experience "microdosing" children, advocated that prospective customers "microdose" children with psilocybin, including children as young as 9 years old.

7.    Defendant RANDAL VANCE supplied defendant REBECCA VANCE with psilocybin to distribute to others.

8.    Defendant REBECCA VANCE suggested that defendant RANDAL VANCE sell psilocybin in another form to enable customers to make their own psilocybin-laced products.

<u>Count 1</u>

9.    The allegations in paragraphs 1 through 8 are incorporated.

10.   Beginning on a date unknown and continuing to on or about October 4, 2024, within the Southern District of California and elsewhere, defendants RANDAL VANCE and KEIR CEBALLOS-RIVERA, being at least 18 years of age, did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury to employ and use persons under 18 years of age to manufacture, distribute, and possess with intent to distribute psilocybin, a Schedule

2

controlled substance, in violation of Title 21, United States Code, Sections 841, 846, and 861(a).

### Count 2

11. The allegations in paragraphs 1 through 8 are incorporated.

12. Beginning on a date unknown and continuing to on or about October 4, 2024, within the Southern District of California and elsewhere, defendants RANDAL VANCE, REBECCA VANCE, and KEIR CEBALLOS-RIVERA did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury to distribute psilocybin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841 and 846.

### Count 3

13. On or about March 27, 2024, within the Southern District of California, defendant RANDAL VANCE, who was then at least 18 years of age, did knowingly distribute psilocybin, a Schedule I controlled substance, to MINOR-1, who was then under 21 years of age, in violation of Title 21, United States Code, Section 859(a).

### Count 4

14. On or about March 27, 2024, within the Southern District of California, defendant RANDAL VANCE, who was then at least 18 years of age, did knowingly distribute psilocybin, a Schedule I controlled substance, to MINOR-2, who was then under 21 years of age, in violation of Title 21, United States Code, Section 859(a).

### Count 5

15. On or about October 4, 2024, within the Southern District of California, defendant RANDAL VANCE did knowingly possess a firearm, to wit: a Glock 34 pistol, a Walther P22 pistol, a Henry Survival AR7 rifle, a Smith and Wesson revolver, an H&R Model 900 revolver, and a Browning

3

30-06 rifle, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: the crimes alleged in Counts 1-4 of this Indictment, in violation of Title 18, United States Code, Section 924(c).

## Count 6

16.  The allegations in paragraphs 1 through 8 are incorporated.

17.  Beginning on or about October 5, 2024, and continuing to at least October 7, 2024, within the Southern District of California and elsewhere, defendants RANDAL VANCE, REBECCA VANCE, and KEIR CEBALLOS-RIVERA did knowingly and intentionally conspire with each other and with other persons unknown to the grand jury, to commit an offense against the United States, that is, to corruptly influence, impede, and obstruct the due administration of justice in violation of Title 18, United States Code, Sections 1503(a).

## Overt Acts

To accomplish the object of this conspiracy, conspirators did the following acts, among others, on or about the dates set forth below:

a.     On October 5, 2024, RANDAL VANCE told REBECCA VANCE to get messages to KEIR CEBALLOS-RIVERA and others that he needed the "Squarespace stores" (the websites RANDAL VANCE used to sell psilocybin) "gone" and "to individually erase each message."

b.     On October 7, 2024, RANDAL VANCE asked KEIR CEBALLOS-RIVERA to make sure another person "removes every single thing from [S]ignal," a messaging application.

All in violation of Title 18, United States Code, Section 371.

//

//

//

4

FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1 through 5 of this Indictment are realleged and by reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Cod, Section 2461(c).

2. Upon conviction of one and more of the felony offenses alleged in Counts 1 through 4 this Indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), defendants RANDAL VANCE, REBECCA VANCE, and KEIR CEBALLOS-RIVERA, shall forfeit to the United States all their rights, title and interest in any and all property constituting, and derived from, any proceeds the defendants obtained, directly and indirectly, as the result of the offenses, and any and all property used and intended to be used in any manner and part to commit and to facilitate the commission of the violations alleged in Counts 1 through 4 of this Indictment, including the firearms specified in paragraph 15 of this Indictment.

3. Upon conviction of one and more of the offenses alleged in Counts 1 through 5 of this Indictment, defendant RANDAL VANCE shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offenses, including the firearms specified in paragraph 15 of this Indictment.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

5

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the property listed above as being subject to forfeiture.

All in violation of Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

DATED: March 18, 2025.

ANDREW R. HADEN
Acting United States Attorney

By: _____
PAUL E. BENJAMIN
Assistant U.S. Attorney

6